UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BLOM ASA,

                    Plaintiff,

-against-

PICTOMETRY INTERNATIONAL CORP.,

                    Defendant.

No.

**COMPLAINT**

Plaintiff Blom ASA ("Blom"), by its attorneys, Holland & Knight LLP, as and for its complaint against Defendant Pictometry International Corp. ("Pictometry"), alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Blom is a Norwegian corporation headquartered in Oslo, Norway. Blom is a leading European provider of geographic mapping and imagery services. Blom maintains and licenses a unique database of aerial images, including maps and terrain models for territories throughout Europe.

2.  Defendant Pictometry is a Delaware Corporation with its principal place of business in Rochester, New York. Pictometry owns and licenses a technology used to create geo-referenced aerial imagery.

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the matter in controversy is between a citizen of a State and a citizen of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.  Venue is proper in the Western District of New York under 28 U.S.C. § 1391(a) because defendant Pictometry resides in this district.

## BACKGROUND

### The License Agreement and the ICC Arbitration

5. On January 29, 2009, Blom and Pictometry entered into an Amended and Restated Technology License Agreement ("License Agreement"), whereby Pictometry granted Blom an exclusive license to use Pictometry's technology in Europe.

6. Pursuant to the License Agreement's dispute resolution provision, Blom initiated an international arbitration by filing a Request for Arbitration with the ICC claiming, *inter alia*, that Pictometry breached the License Agreement by wrongfully terminating Blom's license.

7. Pictometry denied Blom's claims and submitted a counterclaim in the ICC arbitration stating that Blom breached the License Agreement and seeking to recover money damages.

8. Simultaneously, Blom sought and obtained an injunction requiring Pictometry to restore Blom's license from this Court in an action captioned *Blom v. Pictometry*, 10-CV-6607-DGL. This Court expressly recognized that the parties selected the ICC Arbitration as their chosen forum to resolve disputes arising out of the License Agreement.

9. Currently, the parties are pursuing their respective claims in arbitration in London before a three member arbitral tribunal.

10. The arbitral tribunal has issued its Terms of Reference and established a Provisional Timetable for the resolution of the dispute. No award has been made by the arbitral panel on either Blom's claim or Pictometry's counterclaim.

## THE NORWEGIAN JUDGMENTS

11. Beginning in July 2011, Pictometry initiated proceedings in Norway against Blom seeking interim relief related to the issues raised by the parties in the ICC arbitration. As

discussed below, Pictometry's claims were dismissed by the Norwegian Courts, which awarded to Blom, as the prevailing party, its legal fees and costs.

12. Blom seeks recognition and enforcement of three separate final, conclusive and enforceable Norwegian judgments entered against Pictometry by: (1) the Oslo Probate Court on July 28, 2011, (ii) the Borgarting Court of Appeal on March 1, 2012, and (iii) the Oslo Probate Court on January 13, 2012 (collectively referred to herein as the "Norwegian Judgments"), which awarded Blom legal fees and costs in the total amount of NOK 1,765,252 before accrued interest on overdue payments.

**Pictometry Files Petition in Norway for Interim Relief**

13. On July 1, 2010, Pictometry petitioned the Oslo Probate Court for an interim injunction to enjoin Blom from competing with Pictometry in Europe.

14. Blom opposed the petition, arguing, *inter alia*, that the issues should be resolved in the ICC Arbitration.

15. In Pictometry's response to Blom's opposition, Pictometry asserted that the Oslo Probate Court was the proper forum to resolve disputes raised by its petition.

16. The parties both submitted pleadings and their respective Statements of Case.

17. The Oslo Probate Court concluded, as Pictometry urged, that it had jurisdiction to determine the application for an interlocutory injunction.

18. The Oslo Probate Court held oral hearings, at which both parties' counsel presented arguments and the parties' respective corporate representatives appeared and provided testimony.

19. On July 28, 2011, the Oslo Probate Court rejected Pictometry's claims in their entirety and, pursuant to Norwegian law, ordered Pictometry to pay Blom—as the prevailing party—its legal fees and costs in the amount of NOK 1,072,052.

20. On August 11, 2011, Pictometry appealed the Oslo Probate Court's decision to Norway's Borgarting Court of Appeal.

21. Blom and Pictometry submitted written briefs and closing statements to the Borgarting Court of Appeal in support of their respective legal positions.

22. On March 1, 2012, the Borgarting Court of Appeal affirmed the Oslo Probate Court's decision denying Pictometry's petition and, pursuant to Norwegian law, ordered Pictometry—as the losing party—to pay Blom's legal fees and costs in connection with the appeal in the amount of NOK 373,200.

23. Pictometry's time to appeal the Court of Appeal's decision has expired.

**Pictometry Files Bankruptcy Petition**

24. On August 12, 2011, Pictometry initiated a bankruptcy proceeding against Blom before the Oslo Probate Court.

25. The Oslo Probate Court had jurisdiction to address Pictometry's bankruptcy petition.

26. Blom opposed Pictometry's bankruptcy petition and requested that it be rejected and that Blom recover its case costs.

27. On September 9, 2011, the Oslo Probate Court ordered Pictometry to provide security in the amount of NOK 600,000 for its potential liability for Blom's costs.

28. Subsequently, Pictometry voluntarily withdrew the bankruptcy petition and opposed Blom's demand for case costs.

29. On January 13, 2012, the Oslo Probate Court, pursuant to Norwegian law, ordered Pictometry to pay Blom's case costs in the amount of NOK 320,000.

30. Pictometry's time to appeal the Oslo Probate Court's decision has expired.

**The Norwegian Proceedings**

31. Under Norwegian law, the prevailing party is entitled to demand that the losing party cover its case costs: that is, all necessary costs incurred by the party in relation to the action, including, *inter alia*, legal fees, reimbursements (*e.g.*, for translation costs), and court costs.

32. Under Norwegian law, Blom is entitled to per diem interest from the "due date" (*i.e.*, two weeks from the date the Norwegian Judgment was served) until final payment at the following interest rates: 9.25% in 2011 and 8.75% in 2012.

## FIRST CLAIM
### (Recognition and Enforcement of Foreign Money Judgment)

33. Blom repeats and realleges the allegations of paragraphs 1 through 32 above.

34. The Norwegian Judgments are final, conclusive and enforceable in Norway and Pictometry's time for any further appeals has expired.

35. Pictometry has failed and refused to satisfy the Norwegian money judgments.

36. The Norwegian Judgments were rendered under a judicial system that provides impartial tribunals and procedures compatible with the requirements of due process of law.

37. Pictometry submitted to the jurisdiction of the Norwegian courts in the Norwegian proceedings which rendered the awards of legal fees and costs against Pictometry.

38. By reason of the foregoing, Pictometry is obligated to pay Blom NOK 1,765,252, plus accrued interest on overdue payments.

WHEREFORE, Blom demands judgment against Pictometry as follows:

(a)      Recognizing and enforcing the final, conclusive and enforceable Norwegian Judgments entered in favor of Blom and against Pictometry by (i) the Oslo Probate Court on July 28, 2011 in the amount of NOK 1,072,052; (ii) the Borgarting Court of Appeal on March 1, 2012 in the amount of NOK 373,200; (iii) the Oslo Probate Court on January 13, 2012 in the amount of NOK 320,000 together with interest at a per diem interest rate of 9.25% on amounts owed in 2011 and 8.75% on amounts owed in 2012 from the "due date" (*i.e.*, two weeks

5

from the date the Norwegian Judgment was served) until final payment; and directing the Clerk to convert the judgments, totaling NOK 1,765,252 plus statutory interest, from Norwegian Krone to United States dollars at the exchange rate prevailing as of the date of the entry of this Court's order; and

(b) Awarding Blom the costs and disbursements incurred in connection with this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   May 29, 2012

Respectfully submitted,

HOLLAND & KNIGHT LLP


By:  /s/ Sean C. Sheely
    Sean C. Sheely
    Benjamin Wilson
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
sean.sheely@hklaw.com
benjamin.wilson@hklaw.com

*Attorneys for Plaintiff Blom ASA*

#11237297_v4

6