UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLOM ASA,

PLAINTIFF,

VS.

PICTOMETRY INTERNATIONAL CORP.,

DEFENDANT.

**DEFENDANT PICTOMETRY INTERNATIONAL CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**NO. 6:12-CV-06290-DGL**

---

Defendant Pictometry International Corp. ("Pictometry") respectfully submits this memorandum of law in opposition to Plaintiff Blom ASA's ("Blom") motion for summary judgment.

## PRELIMINARY STATEMENT

Blom's motion for summary judgment should be denied.  As this Court will remember from its prior involvement with this dispute (*Blom ASA v. Pictometry Int'l Corp.*, No. 6:10-cv-06607-DGL), Pictometry and Blom have been locked in a legal clash since October 2010 regarding their respective rights under their now-terminated Amended and Restated Technology License Agreement, dated January 29, 2009 (the "License Agreement").  The merits of their dispute will be decided in London, England by the three-member Arbitral Tribunal that was formally constituted in mid-July 2011 under the rules of the International Chamber of Commerce (the "ICC").

Under the arbitration schedule, the parties have been submitting statements of their respective positions.  Blom's March 30, 2012 Statement of Case confirmed that Blom is seeking to recover in the arbitration its attorneys' fees and costs incurred in connection with the

"ancillary proceedings" that have taken place in this Court and in Norway.  Notwithstanding its decision to seek that relief in the arbitration forum, Blom has chosen also to seek identical relief in this Court through the instant action to enforce the three Norwegian judgments awarding it costs (the "Norwegian Judgments").  Rather than entangle itself in issues that are already pending in the parties' chosen arbitration forum—and that involve complex questions of foreign law—this Court, consistent with its prior decisions directing the parties to resolve their disputes in the arbitral forum to which they contractually agreed, should deny Blom's motion for summary judgment and allow the arbitration to run its course.  As the Court has held on several prior occasions, it is the three-member Arbitral Tribunal that should resolve all of the parties' claims and counterclaims, including Blom's claim to enforce the Norwegian Judgments.

Even if this Court were to entertain Blom's claim rather than defer to the Arbitral Tribunal, however, Pictometry's set-off defense requires denial of Blom's motion for summary judgment.  Blom owes Pictometry more than $1,500,000 in outstanding royalties and license fees, the vast majority of which became due after this Court ordered the parties to continue to perform under the License Agreement.  *See* Dec. 2, 2010 Decision and Order, No. 10-cv-06607-DGL.  Accordingly, when Blom sent a letter to Pictometry's Norwegian counsel in March 2012 and requested that Pictometry pay Blom the approximately $300,000 in costs awarded in the Norwegian Judgments, Pictometry responded by declaring a set-off based on its greater claim.

Under Norwegian law—which applies to the question of the collectability of a Norwegian judgment—Pictometry's March 19, 2012 declaration of set-off is deemed to have settled Blom's lesser claim in its entirety.  Blom cannot now collect on the same debt again in this Court.  And even if New York law were to apply here, Pictometry's set-off defense would still serve as a bar to Blom's requested recovery.  Whether this Court relies on prudential

considerations to avoid ruling on Blom's claim or tackles it on its merits, the result is the same: Blom's motion for summary judgment should be denied.

## BACKGROUND

In October 2010, Pictometry exercised its right to terminate the parties' License Agreement based on Blom's material breaches thereof. Declaration of Jeffrey A. Wadsworth, dated July 27, 2012 ("Wadsworth Dec."), ¶ 3. Blom responded by filing a Request for Arbitration with the ICC in which it contested Pictometry's right to terminate. Blom also sought an injunction from this Court requiring Pictometry to perform under the License Agreement pending the outcome of the arbitration. *See id.* ¶ 5. Pictometry responded by cross-moving for an order that would preliminarily enjoin Blom from selling and using Pictometry products, or competing with Pictometry, pending the completion of the arbitration. *See id.*

In a Decision and Order dated December 2, 2010, this Court issued an injunction that required both parties to continue to perform their obligations under the License Agreement and directed them to resolve their claims on the merits through the arbitration mechanism set forth in the License Agreement. *See* Wadsworth Dec. Ex. A. Following this Court's December 2, 2010 injunction order, Pictometry took steps to try to ensure Blom's compliance with the License Agreement. Despite those efforts, and despite Blom's ongoing enjoyment of the financial and other benefits that come with serving as Pictometry's licensee in Europe, Blom refused to comply with its most basic obligations under the License Agreement, including the fundamental requirement that it pay Pictometry royalties. Accordingly, Pictometry requested that this Court either dissolve the injunction or hold Blom in contempt for, among other things, refusing to pay the overdue royalties and license fees. Wadsworth Dec. ¶ 7. This Court denied Pictometry's motion *sua sponte*, however, and again held that the parties' substantive disputes should be

3

resolved in the arbitral forum:

> As I indicated in my prior decision, "[t]he parties have selected the ICC as their chosen forum and there is no good reason why that body should not entertain whatever application is made for conservatory relief." 2010 WL 4922636, at *9. The ICC Rules provide that the parties may seek "interim or conservatory measure[s]" from the ICC, *see id.* at *1, and I see no reason why the relief requested here should not be sought from the ICC in the first instance. In addition, I do not believe that Pictometry has made a sufficient showing that any harm occasioned by Blom's alleged actions will not be remediable by an award of damages. *Polymer Technology Corp. v. Mimran*, 37 F.3d 74, 82 (2d Cir. 1994).

Wadsworth Dec. Ex. B.

Pictometry sent letters putting Blom on notice of its default for failing to pay royalties and fees.  Wadsworth Dec. ¶ 9.  Blom never disputed the amounts that it owed, but took the position that it need not pay during the pendency of the arbitration.  Wadsworth Dec. Ex. D.  On June 1, 2011, Pictometry notified Blom that it owed more than $919,000 in outstanding license fees and royalties and that it had fifteen business days to cure the default.  Wadsworth Dec. Ex. F.

On June 21, 2011, Blom purported to terminate the License Agreement and advised that it would no longer perform under the License Agreement as Pictometry's licensee.  Wadsworth Dec. Ex. G.  The next day, Blom posted announcements on its website publicizing its purported termination of Pictometry and making clear its intention to compete against Pictometry directly in the oblique imagery business.  Wadsworth Dec. Exs. I and J.  Pictometry promptly sought emergency relief from this Court to enjoin Blom from violating the License Agreement's non-compete provision, but then voluntarily withdrew the request when it was advised that an Order from this Court would not be enforceable in Norway.  Wadsworth Dec. ¶ 16.  Based on that advice, and because Blom had shown an unwillingness to voluntarily comply with this Court's previous December 2, 2010 injunction, Pictometry decided to seek interim relief in Norway in July 2011 to enforce the parties' non-competition agreement.  Wadsworth Dec. ¶ 17.  The Oslo

Probate Court concluded that Pictometry's request to enforce the License Agreement's non-compete provision involved "very complex questions that should be resolved by the arbitration panel" and—albeit "[w]ith some reservations"—that Pictometry had not demonstrated the necessary irreparable harm to warrant interim relief.  Thorkildsen Dec. Ex. 8.  The Oslo Probate Court awarded Blom legal costs, which, contrary to the American Rule, are customarily awarded to prevailing parties in Norway.  *See id.*  Pictometry appealed the decision, but the Borgarting Court of Appeals affirmed, concluding that Pictometry had not demonstrated the necessary irreparable harm to support its application for interim relief, and awarded Blom legal costs. Thorkildsen Dec. Ex. 11.

On August 12, 2011, Pictometry filed a bankruptcy petition against Blom in Norway because Blom appeared to be insolvent and had persisted in refusing to pay Pictometry's claim for the outstanding royalties and license fees that Blom owed.  Thorkildsen Dec. Ex. 14. Pictometry later voluntarily withdrew the petition after Blom made assurances to the court that it was solvent and that Pictometry's claim was secured by a right of set-off.  Declaration of Ole E. Tokvam, dated July 26, 2012 ("Tokvam Dec."), ¶ 8.  The Norwegian court awarded Blom legal costs.  Thorkildsen Dec. Ex. 20.  By February 2012, newspaper reports documenting Blom's ongoing financial troubles resurfaced.  Wadsworth Dec. Exs. L and M.

On March 12, 2012, Blom's Norwegian attorney wrote to Pictometry's Norwegian attorney and asked that Pictometry pay the costs awarded by the Norwegian courts.  Thorkildsen Dec. Ex. 21.  On March 19, 2012, Pictometry responded and declared a set-off against the amounts owed by Blom to Pictometry.  Thorkildsen Dec. Ex. 22.  As Pictometry's Norwegian counsel explained in that letter response, "[t]he awarded costs are thereby deemed to have been paid in full."  *Id.*  The parties subsequently re-stated their respective positions in further

correspondence.  Thorkildsen Dec. Exs. 23 and 24.

In its March 30, 2012 submission in the ICC arbitration, Blom affirmatively seeks to recover "the costs, expenses, attorneys fees and arbitration fees arising out of this dispute including the costs, expenses and attorneys' fees associated with ancillary proceedings in New York and Norway."  Wadsworth Dec. ¶ 19.  Just two months later, Blom filed the instant action in this Court, seeking to collect the same legal costs awarded in the Norwegian Judgments that it seeks to recover in the ICC arbitration, and immediately moved for summary judgment.[1]

As of June 30, 2012, Blom owes Pictometry outstanding license fees and royalties in the amount of more than $1.5 million.  *See* Declaration of Linda K. Salpini, dated July 25, 2012 ("Salpini Dec."), ¶¶ 2-3, Ex. A.  Most of that $1.5 million became due after this Court's December 2, 2010 Order requiring the parties to resume performance of their License Agreement obligations.  *See id.* ¶ 4.

## ARGUMENT

## I.   BLOM'S CLAIM TO ENFORCE THE NORWEGIAN JUDGMENTS SHOULD BE RESOLVED IN THE ICC ARBITRATION.

This Court has previously noted that "[t]he parties have selected the ICC as their chosen forum," and concluded that "there is no good reason why that body should not entertain whatever application is made for conservatory relief."  Wadsworth Dec. Ex. A.  The same analysis should prevail here.  Any application to enforce the Norwegian Judgments, or any effort by Blom to resolve its dispute with Pictometry concerning set-off rights, should be determined by the ICC, not this Court.

Indeed, Blom already has asked the ICC to enforce the legal costs awarded to it by the

---

[1] Blom has submitted in support of its Motion for Summary Judgment a Declaration of Tarjei Thorkildsen that was executed on May 23, 2012—six days before the Summons and Complaint were filed and a case number was assigned to this action—and which omits the page number from the signature page.

Norwegian Judgments.  In its March 30, 2012 Statement of Case in the ICC arbitration, Blom affirmatively seeks to recover "the costs, expenses, attorneys fees and arbitration fees arising out of this dispute including the costs, expenses and attorneys' fees associated with ancillary proceedings in New York and Norway."  Wadsworth Dec. ¶ 19.  The Norwegian Judgments that Blom seeks to enforce here are for the "costs, expenses and attorneys' fees associated" with the same "ancillary proceedings in . . . Norway" that Blom references in its ICC submission.  In addition, in its submissions in connection with the Norwegian bankruptcy proceeding, Blom has stated unequivocally that the ICC, not the bankruptcy court, "is the correct forum for a review of Blom's and Pictometry's claims."  Torkildsen Dec. Ex. 15 (§ 4.2).

As explained below, Pictometry has a full-proof defense to Blom's claim for recovery on the Norwegian Judgments.  Under Norwegian law, the costs awarded to Blom in the Norwegian Judgments are deemed to have already been paid in full as a result of Pictometry's March 19, 2012 declaration of set-off.  *See* Tokvam Dec. ¶¶ 6, 10, 18.  Alternatively, if New York law were deemed to apply, Pictometry's right of set-off is a valid defense to Blom's claim.  This Court can thus deny Blom's motion for summary judgment on various grounds.  Pictometry respectfully submits that, rather than delve into the merits and resolve thorny choice of law and foreign law issues, the most prudent approach for this Court would be to deny Blom's motion on the grounds that the claim should be resolved by the Arbitral Tribunal.

## II.     BLOM'S MOTION SHOULD BE DENIED BECAUSE PICTOMETRY HAS A SETOFF CLAIM WORTH MORE THAN BLOM'S CLAIM.

Blom owes Pictometry more than $1.5 million USD in unpaid royalties and fees. Pictometry has put Blom on notice of the amounts that it owes on multiple occasions in the past. *See*, *e.g.*, Wadsworth Dec. ¶¶ 7, 9, and Exs. C, E, and F.  The amount that Blom owes Pictometry for outstanding royalties and license fees is approximately five times greater than the amount that

Blom was awarded in the Norwegian Judgments. *See* Tokvam Dec. ¶ 9. Blom has never disputed the amount that it owes Pictometry, but instead has taken the position that it need not make the payment while the arbitration is pending. Wadsworth Dec. ¶ 9 and Ex. D ("With respect to any alleged 'outstanding royalty payments' . . ., Blom denies any obligation to remit payment to Pictometry for any further license fees and royalties pending the outcome of the ICC arbitration.").[2]

### A. As A Matter Of Norwegian Law, Blom's Claim Has Already Been Fully Paid.

Foreign country judgments must be "final, conclusive and enforceable where rendered," in order to be recognized and enforced in New York. N.Y. C.P.L.R. §§ 5302, 5303. Here, Blom could not enforce the Norwegian judgments in Norway because they "are to be regarded as paid in their entirety" by Pictometry's declaration of set-off. Tokvam Dec. ¶ 18.

On March 12, 2012, Blom's Norwegian counsel wrote to Pictometry's counsel requesting that Pictometry pay the costs awarded in the three Norwegian Judgments that Blom now seeks to enforce in this Court. Thorkildsen Dec. Ex. 21. On March 19, 2012, Pictometry responded to the request by declaring a "set-off against the amounts owing from Blom ASA to Pictometry International Corp" and referencing the outstanding royalties and fees that Pictometry had noted in the August 2011 bankruptcy petition that it filed against Blom in Norway. *See* Tokvam Dec.

---

[2] Notably, Blom has no right of set-off of its own as to the amount it owes in outstanding license fees and royalties. The License Agreement is explicit on this point: "Royalties shall be paid by Licensee to Pictometry without deduction for any reason or purpose." Wadsworth Dec. ¶ 10. (quoting License Agreement, § 6.2). Nor can Blom avoid its payment obligations by contending that Pictometry's October 2010 termination of the License Agreement was itself a breach. At that time, Blom elected its remedy and asked this Court to order continued performance, which it did. New York contract law is clear that the alleged breach of one party to an agreement does not relieve the other party of its ongoing duties where it continues to receive benefits under the contract—as Blom did between December 2, 2010 and June 22, 2011 in continuing to operate as a licensee of Pictometry products after the October 2010 termination. *Estate of John Lennon v. Leggoons, Inc.*, No. 95-CIV-8872, 1997 U.S. Dist. LEXIS 8829, at *4-*5 (S.D.N.Y. June 23, 1997) (a party "cannot unilaterally suspend its performance (in this case, payment of a guaranteed royalty) as a means of self-help to remedy a breach by the other party").

¶¶ 6-9; Torkildsen Dec. Ex. 22.  Pictometry's March 19, 2012 declaration of set-off settled

Blom's claim for costs awarded in the Norwegian Judgments in its entirety.  *See* Tokvam Dec.

¶¶ 6, 10, 18; Torkildsen Dec. Exs. 22 and 24.

New York courts have recognized that "the choice of law governing a defendant's setoff

claim should be resolved through 'interest analysis.'"  *Armada (Singapore) Pte Ltd. v. North*

*China Shipping Co. Ltd (BVI)*, No. 09 Civ. 5069 (WHP), 2010 U.S. Dist. LEXIS 11014, at \*6

(S.D.N.Y. Jan. 14, 2010).  Here, Norwegian setoff law should apply because the underlying

judgments that Blom seeks to enforce in this action are from Norway, Pictometry's March 19,

2012 declaration of set-off was made in Norway through Norwegian counsel, and Blom is a

Norwegian company.  As explained in the accompanying Declaration of Norwegian attorney

Ole E. Tokvam, under Norwegian law Blom's claim is deemed to have been paid in full:

> As long as nothing has otherwise been agreed between the parties, a debt can be settled by declaring a set-off against another debt between the same parties. This also applies even if the debt used for the counterclaim is disputed. This is, for example, established in Professor Rune Sæbø's book "Set-offs", Fagbokforlaget Publishing House 2003, page 284 "*According to current law, the general rule is that* [Debtor] *can set-off even if the counterclaim is unclear or disputed.*"

> Set-offs can also be used with a counterclaim even if the counterclaim would not be brought before ordinary Norwegian courts of law, for example, if arbitration has been agreed. This was established by Norway's Supreme Court in a decision from 1966, *Sørensen v. Lund, Official Legal Gazette 1966, p. 305.* The Supreme Court pronounced: "*When Lund, pursuant to this new contract, files a claim with the ordinary courts, Sørensen cannot be excluded from set-offs by asserting a claim based on the previous partnership contract. I would add that §452, third subsection of the Civil Procedure Act only prescribes that a 'legal dispute' cannot, without consent, be brought before the courts when it has been contractually agreed that it is to be settled by arbitration. The circumstance that a claim is asserted for a set-off does not mean that the claim will be the subject-matter of litigation.*"

> The *Sørensen* decision from 1966 is still considered an expression of current law, and has been followed up *inter alia* in the Supreme Court decisions *Partsrederiet Lavender ANS v. KS Lavender, Official Legal Gazette 1994, p. 1489* and *Furu v. Lindegaard, Official Legal Gazette 2000, p. 1123*.

> Reference is also made in this context to Professor Rune Sæbø's book 'Set-offs', Fagbokforlaget Publishing House 2003, page 289 "*Although* [Debtor] *is excluded from filing a cross-action, it is conceivable that he can file a counterclaim to the set-off. It is assumed that he has this option even though the cross-action is excluded because the counterclaim belongs before a different court than the main claim. Official Legal Gazette 1966.305 assumes that it is not an obstacle to a set-off in respect of the main claim before the ordinary court that the counterclaim is subject to arbitration. The courts have continued to abide by this solution in subsequent judicial decisions.*"

* * *

> [T]he costs ordered in the amount of NOK 1 765 252, plus interest, in accordance with Norwegian case law and legal theory, are to be regarded as paid in their entirety by the set-off declaration dated 19 March 2012.

> Under Norwegian law, Pictometry would be entitled to a declaratory judgment that the 19 March 2012 declaration of set-off renders the costs awarded in the Norwegian Judgments to be considered to be paid in full and that Blom has no further claims against Pictometry in accordance with these decisions.

> If the Norwegian judgments were also to be enforced in the USA, without taking into account that payment has already taken place under Norwegian law, it would mean that Pictometry would have to pay the same debt twice, and that Blom would be paid twice.

Tokvam Dec. ¶¶ 13-16, 18-20.[3]

The Norwegian Judgments that Blom seeks to enforce and collect on here are not legally enforceable in Norway. Because Blom's claim has already been paid as a matter of Norwegian law, Blom is not entitled to summary judgment here. Indeed, such a judgment would improperly give Blom a double recovery.

## B.    New York Law Entitles Pictometry To A Set-Off.

Even if New York law were to apply to Pictometry's set-off defense, Blom's motion should still be denied. Under New York law, "[t]he right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity

---

[3] Under Federal Rule of Civil Procedure 44.1, this Court may make determinations regarding foreign law by considering "any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

of making A pay B when B owes A." *In re Malinowski*, 156 F.3d 131, 133 (2d Cir. 1998) (quoting *In re The Bennett Funding Group, Inc.*, 146 F.3d 136, 140 (2d Cir. 1998)).  "A setoff merely requires a liability of the plaintiff to the defendant that reduces the latter's liability; no particular relationship between the two liabilities is necessary."  *Foster Family LP v. Adelphi Luxury Apts. LLC*, 2012 U.S. Dist. LEXIS 30288 (E.D.N.Y. Mar. 7, 2012) (citing *In re Midland Ins. Co.*, 79 N.Y.2d 253, 260 n.2, 590 N.E.2d 1186, 582 N.Y.S.2d 58 (1992).

In *Compagnie Noga D'Importation Et D'Exportation, S.A. v. The Russian Federation*, No. 00 Civ. 0632 (WHP), 2002 U.S. Dist. LEXIS 17749, at *29-*30 (S.D.N.Y. Sept. 19, 2002), *vacated on other grounds by* 361 F.3d 676 (2d Cir. 2004), the district court considered, among other things, a motion by the plaintiff to "domesticate and enforce two Swedish court judgments."  *Id.* at *2.  The court noted that the defendant, the Russian Federation, had properly pleaded a set-off as an affirmative defense.  *Id.* at *29-*30.  Applying New York's Uniform Foreign Country Money-Judgments Recognition Act, N.Y. C.P.L.R. § 5301 *et seq.*, the court concluded that the Swedish court judgments could be domesticated but were subject to the claimed set-off.  *See id.* at *31-*32.[4]

Here, Blom seeks to enforce Norwegian Judgments against Pictometry in the approximate amount of $300,000, while Blom owes Pictometry more than $1,500,000. Pictometry properly pled the set-off as an affirmative defense.  It follows from the decision in *Compagnie Noga D'Importation* that even if Blom could demonstrate that the Norwegian Judgments are entitled to enforcement here in this Court, Pictometry's affirmative defense of set-off requires that Blom recover nothing on its claim.

---

[4] Notably, this aspect of the district court's decision was not appealed.  *See Compagnie Noga D'Importation Et D'Exportation S.A. v. The Russian Federation*, 361 F.3d 676, 683 n.18 (2d Cir. 2004).

11

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying declarations, Blom's

motion for summary judgment should be denied.


July 27, 2012                                    s/Jeffrey A. Wadsworth
                                                 Jeffrey A. Wadsworth, Esq.
                                                 Kimberly I. Shimomura, Esq.
                                                 HARTER SECREST & EMERY LLP
                                                 1600 Bausch & Lomb Place
                                                 Rochester, New York 14604-2711
                                                 585-232-6500
                                                 jwadsworth@hselaw.com
                                                 kshimomura@hselaw.com

                                                 *Attorneys for Defendant Pictometry
                                                 International Corp.*

12