UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLOM ASA,

PLAINTIFF,

VS.

PICTOMETRY INTERNATIONAL CORP.,

DEFENDANT.

DECLARATION OF
JEFFREY A. WADSWORTH

NO. 6:12-CV-06290-DGL

---

Jeffrey A. Wadsworth, under penalty of perjury, declares as follows:

1.      I am an attorney with Harter Secrest & Emery LLP, counsel for Defendant Pictometry International Corp. ("Pictometry") in the above-captioned matter.  I submit this declaration in opposition to the motion for summary judgment filed by Plaintiff Blom ASA ("Blom").

2.      Pursuant to an Amended and Restated Technology License Agreement dated January 29, 2009 (the "License Agreement"), Blom served as Pictometry's international technology licensee for much of Europe.

3.      In October 2010, Pictometry exercised its right to terminate the License Agreement, based on Blom's material breaches thereof.

4.      Later that month, Blom filed a Request for Arbitration with the International Chamber of Commerce ("ICC"), in which it contested Pictometry's right to terminate. Pictometry has denied Blom's claims and asserted counterclaims in the ICC arbitration, which is pending in London.

5.      In late October 2010, Blom also sought a preliminary injunction from this Court to require Pictometry to perform its contractual obligations under the License Agreement

pending the outcome of the ICC arbitration.  Pictometry cross-moved for an order that would preliminarily enjoin Blom from selling and using Pictometry products, or competing with Pictometry, pending the completion of the arbitration.

6.      In a Decision and Order dated December 2, 2010, this Court issued an injunction that required both parties to continue to perform their obligations under the License Agreement. A copy of the December 2, 2010 Decision and Order is attached hereto as **Exhibit A**.

7.      Following this Court's December 2, 2010 Decision and Order, Blom did not comply with its most basic obligations under the License Agreement like paying royalties, providing copies of contracts upon request, and providing Pictometry with copies of images that Blom captured and processed.  In March 2011, Pictometry requested that this Court either dissolve the injunction or hold Blom in contempt for, among other things, refusing to pay the overdue royalties and license fees.

8.      In a March 31, 2011 Decision and Order, this Court denied Pictometry's motion *sua sponte*, and explained that Pictometry's requested relief should be sought in the ICC arbitration.  A copy of the March 31, 2011 Decision and Order is attached hereto as **Exhibit B**.

9.      Following this Court's March 31, 2011 Decision and Order, Blom persisted in not fulfilling its obligations under the License Agreement, which prompted Pictometry to write letters to Blom outlining various Blom defaults.  With respect to its obligation to pay the outstanding royalties, Blom maintained that it need not remit payment for any further license fees and royalties pending the outcome of the ICC arbitration.  Copies of letters between Pictometry's counsel and Blom's counsel dated May 11, 2011, May 16, 2011, and May 31, 2011, are attached hereto as **Exhibits C, D, and E**, respectively.

10.     Section 6.2 of the License Agreement provides in pertinent part that "[r]oyalties

-2-

shall be paid by Licensee [Blom] to Pictometry without deduction for any reason or purpose."

11. On June 1, 2011, Pictometry notified Blom that the amount of overdue license fees and royalties was now more than $919,000. A copy of the June 1, 2011 letter is attached hereto as **Exhibit F**.

12. On June 21, 2011, Blom purported to terminate the License Agreement. A copy of Blom's June 21, 2011 letter is attached hereto as **Exhibit G**.

13. On June 22, 2011, Pictometry refuted Blom's right to terminate and notified Blom that it was exercising its right to terminate the License Agreement for cause. A copy of Pictometry's June 22, 2011 letter is attached hereto as **Exhibit H**.

14. The morning after Blom transmitted its June 21, 2011 "Notice of Termination," it posted announcements on its website publicizing its purported termination of Pictometry and making clear its intention to compete against Pictometry directly in the oblique imagery business. Copies of Blom's June 22, 2011 website postings are attached hereto as **Exhibits I** and **J**.

15. On June 24, 2011, Pictometry promptly sought emergency relief in this Court to prevent Blom from violating the License Agreement's non-compete provision.

16. On June 28, 2011, after being advised that an injunction order from this Court would not be enforceable in Norway, Pictometry voluntarily withdrew its emergency motion.

17. On July 1, 2011, Pictometry filed an application seeking similar interim relief with the Oslo Probate Court in Norway.

18. In December 2011, the fully constituted three-member Arbitral Tribunal established the Provisional Timetable for the ICC arbitration. A copy of the Provisional Timetable is attached hereto as **Exhibit K**.

19.     On March 30, 2012, Blom submitted its Statement of Case in the ICC arbitration. Included in Paragraph 237 in the section entitled "Relief Sought By Blom," Blom affirmatively seeks to recover "the costs, expenses, attorneys fees and arbitration fees arising out of this dispute including the costs, expenses and attorneys' fees associated with ancillary proceedings in New York and Norway."

20.     In its June 29, 2012 Statement of Defence and Counterclaims in the ICC arbitration, Pictometry set forth its right to recover from Blom the unpaid royalties and license fees.

21.     In February 2012, reports in the Norwegian financial press indicated that Blom was facing serious financial difficulties.  Copies of two Norwegian newspaper articles that Blom has submitted in the ICC arbitration are attached hereto as **Exhibits L** and **M**.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON JULY 27, 2012.

/s/ Jeffrey A. Wadsworth_____
Jeffrey A. Wadsworth

-4-