UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLOM ASA,

PLAINTIFF,

vs.

PICTOMETRY INTERNATIONAL CORP.,

DEFENDANT.

**DECLARATION OF
OLE E. TOKVAM**

**No. 6:12-CV-06290-DGL**

---

I, OLE E. TOKVAM, under penalty of perjury, declare the following:

1.      I am an attorney who is duly licensed to practice law in Norway.  I am a partner in the Norwegian law firm of Bing Hodneland advokatselskap DA.  I have served as counsel to Pictometry International Corp. ('Pictometry') in its legal dispute with Blom ASA ('Blom').

2.      After earning a law degree from the University of Oslo in 1995, I began practicing law in Norway in 1996 and have continued to practice law here ever since. I have been admitted to the bar of the Supreme Court of Norway.

3.      I am making this declaration based upon my own personal knowledge and on a review of relevant documents.

**Norwegian proceedings – Blom's claim for costs**

4.      In three legal decisions from Norwegian courts, dated 28 July 2011, 13 January 2012, and 1 March 2012, Pictometry was ordered to pay Blom's costs, amounting to a total of NOK 1 765 252, plus interest. ('Norwegian Judgments'). Reference is made to the explanation of

1

the legal proceedings in the May 23, 2012 Declaration of Tarjei Thorkildsen ("Thorkildsen Dec."), paragraphs 9 to 33, and accompanying Exhibits 1 to 20.

5.      Following the last judgment, in the letter from the BA-HR law firm dated 12 March 2012, Blom put forward a claim for payment of the costs set forth in the Norwegian Judgments. *See* Thorkildsen Dec. Ex. 21.

**Pictometry's counterclaim – and declaration of set-off**

6.      In a letter from the undersigned dated 19 March 2012, Pictometry responded to the 12 March 2012 letter and declared a set-off to the claim for the costs awarded in the Norwegian Judgments. *See* Thorkildsen Dec. Ex. 22.

7.      Pictometry's set-off is based upon Blom's debt to Pictometry for unpaid royalties and license fees. In a letter dated 1 June 2011 from Mr. Jeffrey A. Wadsworth of the law firm Harter Secrest & Emery, Pictometry put forward a claim for the payment of due and outstanding licence fees and royalties. A true and accurate copy of the 1 June 2011 letter is attached hereto as **Exhibit 1**.

8.      That claim for outstanding licence fees and royalties provided the grounds for Pictometry's 12 August 2011 bankruptcy petition in Norway. *See* Thorkildsen Dec. Ex. 14; true and accurate copies of exhibits 5, 6, and 7 to the bankruptcy petition are attached hereto as **Exhibits 2, 3, and 4,** respectively. Pictometry ultimately withdrew the bankruptcy petition voluntarily when Blom made assurances that it was solvent and that Pictometry's claim was secured by a right of set-off. *See* Thorkildsen Dec. Ex. 15 (§ 4.1).

9.      When Blom sought to collect on the Norwegian Judgments in March 2012, Pictometry declared its right of set-off based on its previously asserted claim. Pictometry's claim

2

is approximately five times greater than the amount Blom was awarded in the Norwegian Judgments.

10.     Under Norwegian law, Blom's claim for costs as set forth in the Norwegian Judgments was thereby settled in its entirety as of 19 March 2012.

**The right to set-off under Norwegian law**

11.     The Thorkildsen Declaration, paragraph 44, argued that *"BA-HR's position is that Pictometry cannot refuse payment of a valid and enforceable judgment by claiming set-off with an unliquidated and disputed claim that are already subject to the ICC Arbitration as this will evade the arbitration clause"*. This position is not supported by any case law or other sources of law.

12.     BA-HR's view regarding the limitation on the right to make set-offs is in contravention of current Norwegian law. Bing Hodneland is of the opinion that Pictometry was entitled to undertake a set-off, as was done in the declaration of 19 March 2012.

13.     As long as nothing has otherwise been agreed between the parties, a debt can be settled by declaring a set-off against another debt between the same parties. This also applies even if the debt used for the counterclaim is disputed. This is, for example, established in Professor Rune Sæbø's book "Set-offs", Fagbokforlaget Publishing House 2003, page 284 *"According to current law, the general rule is that* [Debtor] *can set-off even if the counterclaim is unclear or disputed."*

14.     Set-offs can also be used with a counterclaim even if the counterclaim would not be brought before ordinary Norwegian courts of law, for example, if arbitration has been agreed. This was established by Norway's Supreme Court in a decision from 1966, *Sørensen v. Lund,*

3

*Official Legal Gazette 1966, p. 305.* The Supreme Court pronounced: "*When Lund, pursuant to this new contract, files a claim with the ordinary courts, Sørensen cannot be excluded from set-offs by asserting a claim based on the previous partnership contract. I would add that §452, third subsection of the Civil Procedure Act only prescribes that a 'legal dispute' cannot, without consent, be brought before the courts when it has been contractually agreed that it is to be settled by arbitration. The circumstance that a claim is asserted for a set-off does not mean that the claim will be the subject-matter of litigation.*"

15.     The *Sørensen* decision from 1966 is still considered an expression of current law, and has been followed up *inter alia* in the Supreme Court decisions *Partsrederiet Lavender ANS v. KS Lavender, Official Legal Gazette 1994, p. 1489* and *Furu v. Lindegaard, Official Legal Gazette 2000, p. 1123.*

16.     Reference is also made in this context to Professor Rune Sæbø's book 'Set-offs', Fagbokforlaget Publishing House 2003, page 289 "*Although* [Debtor] *is excluded from filing a cross-action, it is conceivable that he can file a counterclaim to the set-off. It is assumed that he has this option even though the cross-action is excluded because the counterclaim belongs before a different court than the main claim. Official Legal Gazette 1966.305 assumes that it is not an obstacle to a set-off in respect of the main claim before the ordinary court that the counterclaim is subject to arbitration. The courts have continued to abide by this solution in subsequent judicial decisions.*"

17.     Moreover, Blom has previously acknowledged and argued that Pictometry is entitled to use the outstanding claim for licence fees and royalties for a set-off. In its response to the Oslo Court of Probate, Blom states in section 4.1: "*Even if Pictometry should be considered*

4

*to have a claim, the company is sufficiently secured through a right of set-off"*. See Thorkildsen Dec. Ex. 15.

## Enforcement of Norwegian Judgments in the USA would entail double payment

18.  As explained above, the costs ordered in the amount of NOK 1 765 252, plus interest, in accordance with Norwegian case law and legal theory, are to be regarded as paid in their entirety by the set-off declaration dated 19 March 2012.

19.  Under Norwegian law, Pictometry would be entitled to a declaratory judgment that the 19 March 2012 declaration of set-off renders the costs awarded in the Norwegian Judgments to be considered to be paid in full and that Blom has no further claims against Pictometry in accordance with these decisions.

20.  If the Norwegian judgments were also to be enforced in the USA, without taking into account that payment has already taken place under Norwegian law, it would mean that Pictometry would have to pay the same debt twice, and that Blom would be paid twice.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JULY 26, 2012, IN OSLO, NORWAY.

Ole E. Tokvam

5